NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1524
_____

MICHAEL P. RIES,
AMY RIES, h/w,
                        Appellants

v.

CRAIG T. CURTIS; SUSAN L. CURTIS, h/w;
FOX & ROACH LP, d/b/a Prudential Fox & Roach
Realtors; NANCY H. PRESTI; AMERICAN INTERNATIONAL
RELOCATION SOLUTIONS, LLC; PENN LAND TRANSFER
COMPANY; LARRABEE, CUNNINGHAM & MCGOWAN, P.C.

_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-13-cv-01400)
District Judge: Honorable Ronald L. Buckwalter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 14, 2016

Before: MCKEE, Chief Judge[*], AMBRO, and SCIRICA, Circuit Judges

(Filed: November 22, 2016)

---

[*] Judge McKee was Chief Judge at the time this appeal was submitted. Judge McKee concluded his term as Chief Judge of the United States Court of Appeals for the Third Circuit on September 30, 2016

_____

OPINION[**]

_____


**SCIRICA**, *Circuit Judge*

This is a suit under state and federal law alleging deceptive conduct in the sale of a residence. The purchasers contend the sellers, their realtor, and their relocation company concealed material defects during the sale.[1] They allege violations of the Pennsylvania Real Estate Seller Disclosure Law ("RESDL"), 68 Pa. C.S. § 7301 *et seq.*, the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. § 201-1 *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2608, and common law fraud. The purchasers settled their claims with the seller, and the District Court granted summary judgment in favor of the realtor and the relocation company. The purchasers appeal,[2] and we will affirm.

## I.

Michael and Amy Ries bought a house from Craig and Susan Curtis. The Curtises listed the property with Fox & Roach and Nancy Presti, a real estate agent employed by

_____

[**]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The Rieses also sued their title insurance company, Pennsylvania Land Transfer Company, and a law firm located at the same address—Larrabee, Cunningham & McGowan, P.C. The Rieses dismissed all their claims against these entities prior to this appeal.

[2] The district court had jurisdiction under 12 U.S.C. § 2614 and 28 U.S.C. § 1367. We have appellate jurisdiction under 28 U.S.C. § 1291.

Fox & Roach. During the sale process, the Curtises prepared a Seller Property Disclosure Statement for prospective buyers. In the statement, they denied knowledge of past water leakage in the home, drainage or flooding problems, or defects in the flooring.[3] The Curtises' relocation company, AIRES, also prepared a disclosure statement in which it "ma[de] no guarantees, warranty, or representation about the condition of this property," because it was a relocation company and did not occupy the property.

Prior to closing, the Rieses hired Homestead Inspections, Inc. to conduct a home inspection. Homestead found evidence of damage stemming from "moisture/rot" in the basement and said the grading in areas around the house sloped toward the house, making it vulnerable to water entry. But it said the patio, which the Rieses contend slopes toward the house, was in "serviceable condition." Prior to closing, a contractor who inspected the home and generated an estimate for repairs also advised the Rieses of water damage in the basement. He told Michael Ries the patio sloped toward the house, which could allow water to enter.

After the Rieses purchased the home, they discovered water entering underneath the kitchen door from the patio during a heavy rainstorm. Underneath a doormat at the kitchen door, they discovered small holes drilled into the kitchen floor.[4] The Curtises later admitted they drilled the holes to drain water into the basement, but they did not tell

---

[3] They did acknowledge previous owners installed sump pumps in the basement to prevent water accumulation there.

[4] We could find no reference in the record to the diameter of the holes or to the number of holes that were drilled. But based on a photograph included in the record, there appears to be four holes drilled into the grout of the tile. They appear to each have a diameter smaller than the screws in the door's threshold—in other words, about the width of a typical household nail or screw, or a pencil.

Presti or the Rieses. The doormat was apparently left behind after the Curtises moved out and remained there, concealing the holes during the selling process. Presti, Fox & Roach, and AIRES denied knowledge of the holes in the floor or the fact that the patio sloped toward the house. They also denied knowledge that water entered under the kitchen door.

## II. Claims Against Presti and Fox & Roach[5]

The Rieses contend Presti and Fox & Roach violated the RESDL, UTPCPL, and committed common law fraud by concealing material defects in the property during the sale process—namely, the holes in the floor and an improperly graded patio, permitting the entrance of water into the kitchen during heavy rainstorms.

### A. Real Estate Settlement Disclosure Law Claim

The RESDL requires sellers of property to disclose "any material defects with the property." 68 Pa. C.S. § 7303. It also provides a real-estate agent is not liable unless "the agent had *actual knowledge* of a material defect that was not disclosed to the buyer or of a misrepresentation relating to a material defect." 68 Pa. C.S. § 7310 (emphasis added).

The Rieses cannot demonstrate Presti or Fox & Roach had actual knowledge of

---

[5] We review a district court's grant or denial of summary judgment *de novo*. *EEOC v. Allstate Ins. Co.*, 778 F.3d 444, 448 (3d Cir. 2015). Summary judgment may be appropriately granted where there "is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). "To be material, a fact must have the potential to alter the outcome of the case." *NAACP v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011). When considering whether summary judgment is appropriate, "we view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). "An inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." *Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014).

4

these defects. They suggest that, because Presti occasionally checked on the property while it was unoccupied and routinely prepared it for open houses and showings, she must have noticed water entering underneath the kitchen door. For the same reason, they also believe she would have checked the rug underneath the kitchen door and seen the holes drilled there.

In particular, the Rieses point to correspondence with AIRES, where Presti said she was going to inspect the property after Hurricane Irene blew through the state, depositing large amounts of rain. Although Presti claims she did not see water or other problems at the property after the hurricane, the Rieses say there must have been water and that if she actually visited the property, she would have seen it, along with the holes.[6]

We agree with the District Court these allegations amount only to speculation and "broad conjecture" that Presti or Fox & Roach had actual knowledge of these defects. *Ries v. Curtis*, 2014 WL 5364972 at *22 (E.D. Pa. Oct. 22, 2014). More is needed to overcome a motion for summary judgment than "speculation and conjecture." *Halsey*, 750 F.3d at 287. In fact, in his deposition, Michael Ries admitted he had no evidence to support his allegation that Presti or Fox & Roach knew of the defects. Moreover, Pennsylvania law imposes no duty on real estate agents to conduct an independent inspection of the property. 63 P.S. § 455.606a(i). Because the Rieses cannot make a showing of actual knowledge, their RESDL claims fail and Presti and Fox & Roach are entitled to summary judgment.

---

[6] Presti said in her deposition she could not remember if she visited the property, but knew of no reason why she would not have inspected it. There was no corresponding inspection report in the record, and she denies finding water damage or being aware of it.

**B. UTPCPL Claim**

Similarly, the "catchall" provision of the UTPCPL proscribes "unfair or deceptive acts or practices" in commerce, which includes "fraudulent or deceptive conduct." 73 Pa. Stat. § 201-2(4)(xxi); 73 Pa. Stat. § 201-3. A claim under the catchall provision of the UTPCPL is similar to a claim of common law fraud. *See Tran v. Met. Life Ins. Co.*, 408 F.3d 130, 140-41 (3d Cir. 2005); *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 545 (Pa. Super. 2005) (describing the elements of common law fraud). A plaintiff must show a material misrepresentation, "made knowingly or recklessly," among other elements, in order to prevail on a UTPCPL claim. *See Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 498-99 (3d Cir. 2013). Accordingly, the Rieses must show Presti or Fox & Roach made a misrepresentation concerning the holes in the floor with knowledge or recklessness about the falsity of the representation. *Id.*

We agree with the District Court the Rieses cannot make this showing and there is no genuine dispute of material fact on this issue. First, the Rieses only contend Presti and Fox & Roach had *actual knowledge* of the defects, and for the reasons discussed above, we agree with the District Court there is no evidence they had actual knowledge. Second, there is no evidence the realtors were reckless as to the falsity of any representations they made about the condition of the house. The District Court said "the sheer absence of any deposition testimony, emails, notes, reports, contractor estimates, or weather-related expert evidence" would make any conclusion by a factfinder that Presti or Fox & Roach knew about the defects "starkly unreasonable." *Ries*, 2014 WL 5364972 at *22. Because there is no genuine dispute of material fact on the UTPCPL claims, Presti and Fox &

6

Roach are entitled to summary judgment.

### C. Common Law Fraud

The Rieses common law fraud claim fails because, for the reasons discussed above, there is no evidence Presti or Fox & Roach made a material misrepresentation. Under Pennsylvania law, to show fraud, the Rieses must establish, in relevant part, that Presti or Fox & Roach made a material representation, "made falsely, with knowledge of its falsity or recklessness as to whether it is true or false." *Youndt*, 868 A.2d at 545. There is no evidence Presti or Fox & Roach had any reason to know of the defects in the patio or the holes in the kitchen floor, let alone any evidence they had actual knowledge of these issues. Accordingly, there is no genuine dispute of material fact on this claim, and Presti and Fox & Roach are entitled to summary judgment.

### III. Claims Against AIRES

### A. Real Estate Settlement Disclosure Law Claims

The Rieses also contend AIRES violated the RESDL in two separate ways. First, they assert AIRES had knowledge of the material defects but did not inform the Rieses in the disclosure required by 68 Pa. C.S. § 7303. Second, they contend AIRES failed to deliver the disclosure prior to signing the purchase and sale agreement as required by 68 Pa. C.S. § 7303.

The Rieses present no evidence that AIRES had knowledge of material defects or should have known about them beyond the speculation and conjecture they offered with respect to Presti and Fox & Roach. Speculation about knowledge of a misrepresentation, without any supporting evidence, is insufficient to create a genuine dispute of material

7

fact on the issue.[7]  Moreover, AIRES provided numerous disclaimers to the Curtises during the sale process, alerting them that "[w]e are a relocation company, and as such we have never occupied this property.  We make no guarantees, warranty, or representation about the condition of this property."  We have reviewed the record and agree with the District Court there is no evidence even suggesting AIRES was aware of any defect.

Second, the Rieses signed an addendum to the purchase and sale agreement which acknowledged prior receipt of the disclosure AIRES was required to make under the RESDL.  The RESDL states receipt of disclosures may be acknowledged "in an agreement of transfer for the residential real property."  68 Pa. C.S. § 7305.  Because they acknowledged prior receipt of AIRES's disclosure when they signed the purchase and sale agreement, the Rieses' contention that they did not actually receive and acknowledge the purchase and sale agreement until two days later fails.

AIRES is entitled to summary judgment on the Rieses' RESDL claim.

## B.  Real Estate Settlement Procedures Act Claim

The Rieses also contend AIRES's addendum to the purchase and sale contract required them to buy title insurance from Larrabee & Cunningham in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2608.  This statute prohibits a seller

---

[7] The Rieses do not clarify whether they also appeal their claims that AIRES violated the UTPCPL and common law fraud by not disclosing material defects.  Although they do not discuss these claims in their brief beyond bare mention, we find they fail for the same reasons discussed above—actual knowledge of a misrepresentation, or recklessness as to whether there was a misrepresentation, is needed under these claims, and the Rieses offer no evidence beyond speculation that AIRES made any misrepresentation or was reckless as to the existence of any misrepresentation.

of property from requiring a buyer, "as a condition to selling the property," to purchase title insurance from a "particular title company." 12 U.S.C. § 2608.

We agree with the District Court the record demonstrates the sale of the property was not conditioned on the purchase of insurance from a particular company. Although the addendum stated "[t]he company to issue the title insurance policy shall be Larrabee & Cunningham," in fact, the Rieses ultimately bought title insurance from Pennsylvania Land Transfer Company ("PLTC"), a different company. [8] Moreover, a different addendum to the purchase and sale contract, inserted by the Rieses' own realtor, indicated title insurance should come from Camelot Abstract. But the addendum also told the Rieses, in large, bolded all-caps font, they were "free to shop around" for any insurance company "to determine that you are receiving the best services and the best rate" and were not bound to choose any particular title insurance company. The Rieses acknowledged this disclosure by initialing it, indicating their awareness of their freedom to "shop around." The Rieses' own realtor admitted during her deposition she had no discussions with AIRES regarding the choice of title insurance company that could have altered the understanding beyond what was written in the addendum. Further, she

---

[8] The District Court held there was "no merit" in the Rieses' contention that "PLTC is a title insurance company controlled by Larrabee & Cunningham." Although PLTC and Larrabee & Cunningham share the same office and there is some overlap of employees and shareholders, the record does not indicate they are the same company. We agree with the District Court the "mere allegation—unsupported by any evidence of record—that the two companies share some common shareholders and employees is irrelevant." *Ries,* 2014 WL 5364972 at *17. The Rieses have simply shown no evidence whatsoever that PLTC and Larrabee & Cunningham are the same company. Moreover, nothing in the record supports, and the Rieses do not contend, they purchased title insurance through PLTC because they thought it was the same company as Larrabee & Cunningham and were trying to satisfy the addendum's apparent requirements to use Larrabee & Cunningham.

9

testified she "explained to the Rieses that they were free to shop around for title insurance." Moreover, the Rieses faced no penalty for purchasing insurance from PLTC, indicating the contract was not conditioned on choice of a particular title insurance company. They closed on the property without anyone objecting to the choice of title company.

There is no genuine dispute of material fact about whether the Rieses were required, as a condition to the purchase of the property, to buy title insurance from a particular title company. Accordingly, AIRES is entitled to summary judgment against the Rieses on these claims.

## IV.

Because there is no evidence beyond speculation and conjecture supporting the Rieses claims against appellees, we find there is no genuine dispute of material fact and appellees are entitled to summary judgment against the Rieses. We will affirm the District Court's denial of summary judgment for the Rieses and its grant of summary judgment in favor of the appellees.